**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4516**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KENNETH LAMONT WILLIAMS, a/k/a Reno,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.   Patrick Michael Duffy, Senior
District Judge.  (2:11-cr-00472-PMD-3)

———————

Submitted:  February 25, 2015          Decided:  March 3, 2015

———————

Before NIEMEYER, KING, and THACKER, Circuit Judges.

———————

Affirmed and remanded by unpublished per curiam opinion.

———————

John Wesley Locklair, III, LOCKLAIR & LOCKLAIR, PC, Columbia,
South Carolina, for Appellant.  Sean Kittrell, Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Kenneth Lamont Williams pled guilty to conspiracy to possess with intent to distribute and to distribute heroin, and to use or maintain places for distributing controlled substances, in violation of 21 U.S.C. § 846 (2012) (Count One); distribution of heroin, in violation of 21 U.S.C. § 841 (2012) (Counts Twenty-Seven and Twenty-Eight); possession of counterfeit obligations, in violation of 18 U.S.C. § 472 (2012) (Count Fifty-Three); and use of a communication facility to facilitate a felony drug offense, in violation of 21 U.S.C. § 843 (2012) (Count Seventy-Nine). Williams appeals his convictions and 360-month sentence. Counsel has filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether the district court properly applied the 18 U.S.C. § 3553(a) (2012) sentencing factors. Although advised of his right to do so, Williams has not filed a pro se supplemental brief.

We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the § 3553(a)

2

factors, or failing to adequately explain the sentence.  Id.
The district court is not required to "robotically tick through
§ 3553(a)'s every subsection," United States v. Johnson, 445
F.3d 339, 345 (4th Cir. 2006), but "must place on the record an
individualized assessment based on the particular facts of the
case before it."  United States v. Carter, 564 F.3d 325, 330
(4th Cir. 2009) (internal quotation marks omitted).

If we find the sentence procedurally reasonable, we then
consider its substantive reasonableness.  Id. at 328.  We
presume on appeal that a sentence within the properly calculated
Guidelines range is substantively reasonable.  United States v.
Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008).  Such a presumption
is rebutted only when the defendant shows "that the sentence is
unreasonable when measured against the § 3553(a) factors."
United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir.
2006).

Upon review, we discern no procedural or substantive
sentencing error by the district court.  The district court
correctly calculated Williams' advisory Guidelines range, heard
argument from counsel, provided Williams an opportunity to
allocute, and properly considered the § 3553(a) sentencing
factors.  Although the district court "might have said more,"
Rita v. United States, 551 U.S. 338, 359 (2007), its explanation
was sufficient to enable us "to effectively review the

3

reasonableness of the sentence." <u>Montes-Pineda</u>, 445 F.3d at 380 (internal quotation marks omitted).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. However, we remand to the district court with instructions to correct the judgment, pursuant to Fed. R. Crim. P. 36, to reflect that the statute of conviction for Count One is 21 U.S.C. § 846.

This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED AND REMANDED</u>